UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ARTHUR D'AMARIO,

                                  Plaintiff,

                                                                         DECISION AND ORDER

                                                                         14-CV-6088L

                              v.

UNITED STATES OF AMERICA and
ICE AGENT JOHN DOE,

                                  Defendants.
_____

       Plaintiff, Arthur D'Amario III, appearing *pro se*, filed this action against the United States of America ("Government") under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and against "ICE Agent 'John Doe,'" pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[1]  Plaintiff, who is currently an inmate in federal custody, seeks $10,000 in damages for the alleged destruction of personal property of plaintiff that was seized from him at the time of his arrest.[2]

       Defendants have moved to dismiss the complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure, based on lack of subject matter jurisdiction, and under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  For the reasons that follow, the motion is granted, and the complaint is dismissed.

---

     [1]Plaintiff originally named as defendants "John Doe" and the United States Marshals Service ("USMS").  In April 2014, by order of the Court, the United States of America was substituted for USMS.  *See* Dkt. #4.

     "ICE" presumably refers to U.S. Immigration and Customs Enforcement.

     [2]It appears that plaintiff is serving a sentence for violation of the terms of his supervised release, stemming from an earlier conviction for threatening to kill a federal judge.  *See D'Amario v. Warden Fairton FCI*, ___ Fed.Appx. ___, 2014 WL 4922340 (3d Cir. 2014); *United States v. D'Amario*, 350 F.3d 348 (3d Cir. 2003).

DISCUSSION

**I. Plaintiff's Allegations**

Plaintiff, a resident of Rhode Island, alleges that on March 5, 2013, while plaintiff was in Canada, a federal judge in New Jersey issued a warrant for his arrest; the charges are not alleged in the complaint and are not material to plaintiff's claims here. At some point, he was taken into custody by Canadian officials, who on March 28, 2013, delivered him to the custody of the United States Marshals Service ("USMS") in Niagara Falls, New York.

One or more deputy marshals placed plaintiff under arrest, and transported him to federal court in Buffalo that same day. Plaintiff appeared before United States Magistrate Judge Jeremiah J. McCarthy of this Court, who ordered that plaintiff remain in custody and that he be transferred to the District of New Jersey for further proceedings. *See* Docket, 13-mj-1044.

Plaintiff alleges that at the time of his arrest, defendants seized from him various personal property, including cash, an overcoat, his passport and wallet, and a travel bag. The wallet and bag also contained other items belonging to plaintiff, such as identification and credit cards, eyeglasses, two wristwatches, medicine, and so on.

Around the time of plaintiff's appearance before Judge McCarthy, defendants returned plaintiff's cash to him, but not his other property. Plaintiff alleges that they agreed to ship all that property to plaintiff's mother in Arizona.

Plaintiff subsequently learned, however, that all that property had been destroyed, either negligently or willfully. He filed an administrative claim against USMS, which denied the claim and issued a right-to-sue letter in October 2013. Plaintiff brought this action in February 2014, seeking damages for the loss of his property.

**II. Claims against the Government**

As stated, plaintiff sues the Government pursuant to the FTCA, which waives the Government's sovereign immunity for civil suits seeking money damages

> for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). There are certain exclusions from that waiver, however, including "[a]ny claim arising in respect of ... the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer," unless the "property was seized for the purpose of forfeiture ... ." 28 U.S.C. § 2680(c). The Government argues that plaintiff's claim here falls within the exception for claims arising out of the "detention" of property, that the United States has thus not waived its sovereign immunity as to this claim, and that the claim must therefore be dismissed.

In response, plaintiff states that "he is not complaining of the negligent 'detention of any goods.'" Dkt. #8 at 3. He states that "it appears USMS double-crossed Plaintiff, lied to him, and likely immediately discarded (or stole) the property as soon as he was out of sight and in jail," and that "[t]here was probably no 'detention' of goods." *Id.*

It is not clear whether plaintiff means by this that his property was not "detained" because defendants may have acted intentionally, or because they did not hold on to the property for very long, or for some other reason, but whatever his reasoning is, it fails. Plaintiff's property was clearly "detained" within the meaning of § 2680(c).

The statute itself does not define "detention," but a review of the case law indicates that it should be read expansively. First, although the Supreme Court has not had occasion to define that term, "[i]n the context of the FTCA, the Supreme Court has held that the 'detention of goods' exemption should be read broadly rather than narrowly." *Espinoza v. Zenk*, No. 10-CV-427, 2013 WL 1232208, at *5 (E.D.N.Y. Mar. 27, 2013) (citing *Ali v. Federal Bureau of Prisons*,

552 U.S. 214, 220-21 (2008)). *See also Kosak v. United States*, 465 U.S. 848, 854 (1984) ("'any claim arising in respect of' the detention of goods means any claim 'arising out of' the detention of goods, and includes a claim resulting from negligent handling or storage of detained property").

Second, "[t]he circuit courts that have been presented with the question of how to define 'detention' under the FTCA have defined it broadly." *Id.* (collecting cases). The Second Circuit has not yet defined "detention" in the FTCA context, but "[d]istrict courts in this Circuit have found that the detention exemption applies when goods are held in law enforcement custody." *Id.* (collecting cases). *See also Edwards v. United States*, Civ. No. 13-2336, 2014 WL 4829374, at *6 (D.Minn. Sept. 29, 2014) (cases generally interpret the detention of goods exception to include both temporary and permanent custody of property).

Courts have also applied the § 2680(c) exception to cases involving property that was lost or destroyed in transit from one place to another. Often, such cases involve inmates whose property was lost when they were transferred to a different facility. *See*, *e.g.*, *Feaster v. Federal Bureau of Prisons*, 366 Fed.Appx. 322, 323 (3d Cir. 2009); *Chapa v. United States Dep't of Justice*, 399 F.3d 388, 391 (5th Cir. 2003); *James v. United States*, C.A. No. 08-244, 2009 WL 2605305, at *4 (W.D.Pa. Aug. 21, 2009).

In addition, courts have applied § 2680(c) to claims arising out of the loss of property seized during an arrest, *see*, *e.g.*, *Taylor v. United States*, No. 3:11CV004, 2011 WL 4971579, at *2 (N.D.Miss. Oct. 19, 2011), and to claims involving prison officials' mailing of inmates' personal property to the inmate's family members. *See*, *e.g.*, *Parrott v. United States*, 536 F.3d 629, 636 (7th Cir. 2008); *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002); *Jones v. Federal Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *13 (E.D.N.Y. Sept. 19, 2013).

I conclude, therefore, that plaintiff's claim does arise out of the detention of his property by defendants. Plaintiff was in custody, his property had been seized from him by defendants,

and was being held by them.  No reasonable definition of "detention" would exclude that set of facts.

Plaintiff has also advanced the novel, if unavailing argument that his complaint should be read as asserting a claim of breach of implied contract.  Plaintiff argues that by telling him they would mail his property to his mother, defendants "agreed to assume a duty of care," and that the Government may be held liable for breaching that duty.  Dkt. #3 at 2.

The Little Tucker Act (so named because it relates to the "main" Tucker Act, *see Robbins v. United States Bureau of Land Mgmt.*, 438 F.3d 1074, 1080-81 (10th Cir. 2006), "grants district courts original jurisdiction, concurrent with the Court of Federal Claims, over '[a]ny ... civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon any express or implied contract with the United States.'"  *Orff v. United States*, 545 U.S. 596, 603 (2005) (citing 28 U.S.C. § 1346(a)(2)).  The act also includes a waiver of sovereign immunity with respect to such claims.  *See Adeleke v. United States*, 355 F.3d 144, 151-52 (2d Cir. 2004).

Plaintiff, however, has not pleaded sufficient facts to make out a claim for breach of contract, implied or otherwise.  "Like any contract, an implied-in-fact contract 'requires such elements as consideration, mutual assent, legal capacity and legal subject matter.'"  *Turner v. Temptu Inc.*, ___ Fed.Appx. ___, 2014 WL 4694228, at *2 n.4 (2d Cir. 2014) (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 507 (2d Cir. 2009)).  *See also Presidential Gardens Associates v. U.S. ex rel. Secretary of HUD*, 175 F.3d 132, 141 (2d Cir. 1999) ("Any agreement can be a contract within the meaning of the Tucker Act, provided that it meets the requirements for a contract with the Government, specifically:  mutual intent to contract including an offer and acceptance, consideration, and a Government representative who had actual authority to bind the Government").

While plaintiff's purported contract claim fails on most if not all of these counts, its most glaring defect is plaintiff's failure to allege any consideration for defendants' alleged promise to mail his items to his mother.  Plaintiff did not voluntarily hand over his property to defendants

for delivery to his mother, he did not agree to do anything in exchange for defendants' mailing of that property, and defendants did not stand to receive any benefit. That defendants allegedly told plaintiff that they would mail the items to his mother thus created no more than an unenforceable promise that was not supported by any consideration. *See Loft Restaurant Associates, Ltd. v. McDonagh*, 209 A.D.2d 482, 483 (2d Dep't 1994).

I conclude, therefore, that plaintiff's FTCA claim must be dismissed for lack of subject matter jurisdiction. To the extent that his complaint can be read as asserting a breach of contract claim, it is dismissed for failure to state a claim.

### III. *Bivens* Claim

The John Doe defendant has not been identified or served in this action, but defendants have included in their motion arguments concerning why plaintiff's allegations fail to state a claim against John Doe. Although at this point, then, no personal jurisdiction exists as to John Doe, the Court will address defendants' arguments in that regard.

Plaintiff's claim against Doe, which is pleaded in the alternative to his negligence/contract claim against the Government, *see* Complaint ¶ 13, alleges that Doe "denied him due process through a course of willful, malicious conduct." Plaintiff alleges that despite his promise to mail plaintiff's belongings to his mother, Doe "always intended to discard the property to avoid more work." Plaintiff further alleges on information and belief that Doe stole plaintiff's coat. *Id.*

In *Bivens*, the Supreme Court set forth a federal counterpart to the remedy against state officials created by 42 U.S.C. § 1983. *See Bivens*, 403 U.S. at 389; *Hartman v. Moore*, 547 U.S. 250, 254 n.2 (2006) ("a *Bivens* action is the federal analog to suits brought against state officials" under § 1983"). "A plaintiff bringing a claim under *Bivens* must allege that he has been deprived of a constitutional right by a federal agent acting under color of federal authority," and that the

individual defendant was personally involved in the constitutional violation. *Thomas v. Ashcroft*, 470 F.3d 491, 496 (2d Cir. 2006) (footnote omitted).

In the case at bar, plaintiff asserts that Doe deprived him of his right to due process. "When reviewing alleged procedural due process violations, the Supreme Court has distinguished between (a) claims based on established [government] procedures and (b) claims based on random, unauthorized acts by [government] employees." *Hellenic Amer. Nbhd. Action Comm. v. City of New York*, 101 F.3d 877, 880 (2d Cir. 1996). "Where a deprivation at the hands of a government actor is 'random and unauthorized,' hence rendering it impossible for the government to provide a pre-deprivation hearing, due process requires only a post-deprivation proceeding." *DiBlasio v. Novello*, 344 F.3d 292, 302 (2d Cir. 2003). "When the deprivation occurs in the more structured environment of established [government] procedures, rather than random acts, the availability of post-deprivation procedures will not, ipso facto, satisfy due process." *Hellenic*, 101 F.3d at 880.

In the case at bar, plaintiff's allegations clearly show that Doe's alleged acts were random and unauthorized. Plaintiff expressly alleges that Doe acted simply "to avoid more work" for himself and that he destroyed plaintiff's property for no valid reason. Complaint ¶ 13. Plaintiff does not allege that any established government procedures authorized Doe to destroy, discard or steal plaintiff's property.[3] Thus, to state a due process claim against Doe, plaintiff must show that no post-deprivation procedures were available to him.

---

[3] In his response to defendants' motion, plaintiff also alleges, with no apparent factual basis, that Doe was "probably" acting on instructions from the United States Probation Office in Camden, New Jersey, "as a preliminary punishment for Plaintiff's unauthorized flight to Canada and filing for political asylum." Dkt. #8 at 3. Even if the Court were to consider that unsupported, conclusory allegation (which is not contained in the complaint), it would neither alter the Court's due process analysis nor provide a basis for a retaliation claim. *See Ike v. Fontenote*, No. 11-CV-2170, 2013 WL 4516018, at *1-*3 (W.D.La. Aug. 22, 2013) (holding that § 3724 barred due process claim based on allegation that prison official confiscated plaintiff's personal property to retaliate against him for having filed a lawsuit against the defendant, and finding plaintiff's conclusory allegations of retaliation to be insufficient to state a retaliation claim).

The Government contends that an adequate post-deprivation remedy was available to plaintiff under 31 U.S.C. § 3724, which provides that the Government may settle, for less than $50,000, a claim for damage to, or loss of, property caused by a federal investigative or law enforcement officer, provided that the claim is presented to the Attorney General within one year after it accrues. I agree.

As numerous courts have found, the procedure provided by § 3724 is adequate to preclude a *Bivens* claim for a due process violation. *See*, *e.g.*, *Marulanda v. USMS*, 467 Fed. Appx. 590, 590-91 (9th Cir. 2012); *Aron v. Green*, No. 4:14-CV-109, 2014 WL 1917543, at *4 (N.D.Tex. May 12, 2014); *Jones v. Federal Bureau of Prisons*, No. 11-CV-4733, 2013 WL 5300721, at *12 (E.D.N.Y. Sept. 19, 2013); *Jordan v. Federal Bureau of Prisons*, No. 09 Civ. 8561, 2013 WL 1143617, at *7 (S.D.N.Y. Mar. 19, 2013); *Hoskins v. Craig*, Civ. No. 11-296, 2013 WL 675734, at *2-*3 (S.D.Ill. Feb. 25, 2013); *Salter v. Nickerson*, No. 5:12cv22, 2013 WL 866198, at *9-*10 (E.D.Tex. Jan. 25, 2013), *Report and Recommendation Adopted*, 2013 WL 866475 (E.D.Tex. Mar. 7, 2013); *Frith v. Hill*, No. 07 Civ. 5899, 2009 WL 3073716, at *7 (S.D.N.Y. Sept. 23, 2009).

Plaintiff admits that he "did not pursue a money remedy" under § 3724, Dkt. #8 at 2, and he fails to demonstrate any reason why that remedy was unavailable to him. He contends that defendants gave plaintiff and his mother a "runaround, always telling them to phone some other office where the personnel often sounded inebriated and irresponsible," *id.*, but even if that were true, it would not show why plaintiff was prevented from presenting a claim to the Attorney General under § 3724. *Cf. Salter*, 2013 WL 866475, at *2 (fact that plaintiff could not find a reference to § 3724 in the databases of Fifth and Eleventh Circuit case law did not mean that the remedy provided by that statute was inadequate or unavailable). I conclude that plaintiff did have an adequate post-deprivation remedy available to him, and that his allegations therefore fail to state a due process claim against the John Doe defendant.

**CONCLUSION**

Defendants' motion to dismiss the complaint (Dkt. #5) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       October 23, 2014.